UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALONZO RAYMONT PATRICK, | Case No. 1:15CV628 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | Magistrate Judge George J. Limbert |
| JASON BUNTING, WARDEN, | ORDER resolving ECF Dkt. #s 9, 10, 12 |
| Respondent. | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AS TO ECF DKT. #6 |

On March 17, 2015, Alonzo Raymont Patrick ("Petitioner"), pro se, executed a petition for a writ of federal habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. # 1. Petitioner seeks relief from his guilty plea which resulted in conviction entered by the Cuyahoga County, Ohio Court of Common Pleas for aggravated burglary, abduction, and having weapons under disability. On May 20, 2015, Respondent, Jason Bunting ("Respondent"), Warden of the Marion Correctional Institution in Ohio, where Petitioner is housed, filed a motion to dismiss Petitioner's § 2254 federal habeas corpus petition as time-barred. ECF Dkt. #6.

For the following reasons, the undersigned DENIES Petitioner's request for a stay (ECF Dkt. #9), GRANTS Respondent's motion to strike supplemental grounds for relief (ECF Dkt. #10) and DENIES Petitioner's motion for leave to amend and supplement his pleadings with four additional grounds for relief (ECF Dkt. #12).

Further, for the following reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss Petitioner's instant federal habeas corpus as untimely (ECF Dkt. #6) and DISMISS the petition, in its entirety, with prejudice:

## I.     PROCEDURAL BACKGROUND

### A.     State Trial Court

In its January 2011 term, the Cuyahoga County Grand Jury issued an indictment charging Petitioner with: two counts of aggravated burglary in violation of Ohio Revised Code ("ORC") § 2911.11(A)(1) with one and three-year firearm specifications, a notice of prior conviction for aggravated burglary, a repeat violent offender ("RVO") specification, and a forfeiture of a weapon specification; five counts of kidnapping in violation of ORC § 2905.01(A)(2) with one and three-year firearm specifications, notices of prior conviction for aggravated burglary, RVO specifications, and forfeiture of a weapon specifications; three counts of aggravated robbery in violation of ORC § 2911.01(A)(1) with one and three-year firearm specifications, notices of prior conviction for aggravated burglary, RVO specifications, and forfeiture of a weapon specifications; and having weapons under disability in violation of ORC § 2923.13(A)(2) with a forfeiture specification. ECF Dkt. #6-1 at 5-18.

On June 3, 2011, Petitioner, with counsel, appeared before the Cuyahoga County Common Pleas Court and entered guilty pleas to: one count of aggravated burglary with the one-year firearm specification and the forfeiture specifications; one count of abduction with the forfeiture specification; and having a weapon while under disability. ECF Dkt. #6-1 at 24. The court approved the prosecutor's request to dismiss all of the other counts and specifications. *Id.* On the same date, the trial court sentenced Petitioner to six years of imprisonment on the aggravated burglary conviction with the one-year term of imprisonment on firearm specification to run consecutively; five years of imprisonment on the abduction conviction to run concurrently with the seven year term; and five years on having a weapon while under disability, to run concurrently with the other convictions. *Id.* In sum, the trial court sentenced Petitioner to seven years of imprisonment, with a five-year mandatory term of post-release control. *Id.*

### B.     Motion to Correct Sentence

On August 17, 2012, Petitioner, pro se, filed a motion to correct his sentence in the trial court. ECF Dkt. #6-1 at 26. Petitioner complained that he was not informed of his right to appeal and the

-2-

time limits for doing so. *Id*. at 28. The prosecutor filed a response and Petitioner filed a reply brief. *Id*. at 47-54. On September 14, 2012, the trial court summarily denied Petitioner's motion. *Id*. at 56.

### C. Direct Appeal of Trial Court Decision Denying Motion to Correct Sentence

On October 31, 2012, Petitioner filed a pro se notice of appeal of the trial court's September 14, 2012 decision denying his motion to correct his sentence. ECF Dkt. #6-1 at 58. On November 7, 2012, the Eighth District Court of Appeals dismissed Petitioner's appeal pursuant to Rule 4(A) of the Ohio Rules of Appellate Procedure due to Petitioner's failure to file a timely notice of appeal. *Id.*

Petitioner filed a motion for reconsideration in the appellate court asserting that he was never served with the trial court's decision denying his motion to correct his sentence. *Id*. at 59-63. On December 17, 2012, the appellate court denied Petitioner's motion for reconsideration. *Id*. at 64.

### D. Motion for Leave to File Delayed Appeal

On January 23, 2013, Petitioner pro se filed a motion for leave to file a delayed appeal in the Eighth District Court of Appeals of Ohio. ECF Dkt. #6-1 at 65. On January 24, 2013, the Eighth District Court of Appeals denied Petitioner's motion for leave to file a delayed appeal, finding that Petitioner's appeal was dismissed and journalized on November 7, 2012. *Id*. at 75.

### E. Motion to Withdraw Guilty Plea

On November 30, 2012, Petitioner pro se filed a motion to withdraw his guilty plea in the trial court. ECF Dkt. #6-1 at 76-92. He asserted that the trial court failed to comply with Rule 11 of the Ohio Rules of Criminal Procedure as the court failed to address Petitioner personally before accepting his plea to establish that Petitioner made a voluntary and knowing waiver of his rights and the court failed to inform him of the maximum penalties of the offenses to which he was pleading guilty. *Id*.

On December 14, 2012, the trial court denied Petitioner's motion to withdraw his guilty plea. ECF Dkt. #6-1 at 93.

On January 15, 2013, Petitioner filed a pro se notice of appeal of the trial court's December 14, 2012 denial of his motion to withdraw his guilty plea. ECF Dkt. #6-1 at 94. In his appellate brief, Petitioner pro see asserted the following assignments of error:

-3-

    I.      Trial Court abused its discretion by entering an incorrect journal entry.

    II.      Trial Court erred by not complying with Ohio Revised Code 2929.11 & 2929.12.

    III.      Trial Court failed to properly impose Post-Release Control Pursuant to Ohio Revised Code 2967.28.

    IV.      Trial Court erred in not advising of right to appeal Pursuant Criminal Rule 32(B).

    V.      Trial Counsel was ineffective for raising suppression motion without following through.

    VI.      Trial Counsel was ineffective for not protecting Fourth Amendment Rights violated in a warrantless arrest.

    VII.      Trial Counsel was Ineffective for not protecting Fourth Amendment Rights violated in a warrantless entry & search.

    VIII.      Trial Counsel was ineffective for not addressing & resolving allied offenses.

    VIIII[sic].      Trial Counsel was ineffective for allowing conviction of Gun Specification.

    X.      Trial Counsel was Ineffective for not protecting the Due Process Rights under Criminal Rule 11(C)(2).

    XI.      Trial Counsel was ineffective for not protecting Due Process Rights under Criminal Rule 11(C)(2)(a).

    XII.      Trial Counsel erred for not protecting the Due Process Rights under Criminal Rule 11(C)(2)(b)&(c).

ECF Dkt. #6-1 at 97.

On November 14, 2013, the Ohio appellate court affirmed the trial court's decision denying Petitioner's motion to withdraw his guilty plea. ECF Dkt. #6-1 at 193-198.

On December 26, 2013, Petitioner pro se filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #6-1 at 199. In his memorandum in support of jurisdiction, Petitioner alleged the following propositions of law:

    I.      Trial Court erred in not advising of right to appeal Pursuant Criminal Rule 32(B).

    II.      Trial Court abused its discretion by entering an incorrect journal entry.

    III.      Trial Court erred by not complying with Ohio Revised Code 2929.11 & 2929.12.

> IV. Trial Court failed to properly impose Post-Release Control Pursuant to Ohio Revised Code 2967.28.
>
> V. Trial Counsel was ineffective for not addressing & resolving allied offenses.
>
> VI. Trial Counsel was ineffective for raising suppression motion without following through.
>
> VII. Trial counsel was ineffective for not protecting Fourth Amendment Rights violated in a warrantless arrest.
>
> VIII. Trial Counsel was Ineffective for not protecting Fourth Amendment Rights violated in a warrantless Entry & Search.
>
> IX. Trial Counsel was ineffective for not protecting Due Process Right under Criminal Rule 11.

*Id*. at 200-220.

On March 26, 2014, the Ohio Supreme Court declined jurisdiction over Petitioner's case pursuant to Rule 7.08(B)(4) of the Ohio Supreme Court Rules of Practice. ECF Dkt. #6-1 at 229.

### F. Motion to Vacate and Motion for Judgment on the Pleadings in Trial Court

On June 19, 2014, Petitioner pro se filed a "Motion to Vacate Void Judgment and Conviction Due to Lack of Personam and Subject Matter Jurisdiction." ECF Dkt. #6-1 at 230-240. He asserted that the indictment was invalid because it was dated as signed by the proper officials before the crimes were alleged to have been committed in the document. *Id*. He also alleged that the warrantless search and arrest were unlawful. *Id*.

On November 10, 2014, Petitioner filed a motion for judgment on the pleadings in the trial court. ECF Dkt. #6-1 at 251.

On November 21, 2014, the trial court denied both of Petitioner's motions. ECF Dkt. #6-1 at 263-264.

On December 22, 2014, Petitioner pro se filed a notice of appeal of the trial court's determinations to the Eighth District Court of Appeals. ECF Dkt. #6-1 at 265. In his appellate brief, Petitioner asserted the following assignments of error:

> I. The Trial Court erred by denying Defendant's motion to vacate void Judgment and dismiss conviction due to lack personam and Subject-matter jurisdiction without facts or conclusions of law, and without the Plaintiff establishing the courts[sic] jurisdiction of the subject matter of the case.
>
> II. The Trial Court erred by denying the Defendant's evidentiary hearing on the

>  matter of the State being in "Want of jurisdiction."
>
> III. Trial Court erred when it denied "Judgment on the Pleadings."
>
> IV. The Trial Court erred by denying Defendant motion to Assign a Special Prosecutor.

*Id.* at 275-314.

On February 17, 2015, the Eighth District Court of Appeals sua sponte dismissed Petitioner's appeal for his failure to file the record as required by the Ohio Rules of Appellate Practice. ECF Dkt. #6-1 at 315.

On March 17, 2015, Petitioner filed a motion for the Ohio appellate court to reinstate his appeal. ECF Dkt. #6-1 at 317. On March 18, 2015, the Ohio appellate court denied his appeal per Rule 26(A) of the Ohio Rules of Appellate Practice. *Id.* at 326.

On April 22, 2015, Petitioner pro se filed a motion for delayed appeal of the appellate court's determination to the Supreme Court of Ohio. ECF Dkt. #6-1 at 327-329.

On June 24, 2015, the Ohio Supreme Court denied Petitioner's motion for delayed appeal and dismissed his case. Case Announcements, Merit Decisions Without Opinions, June 24, 2015, *State of Ohio v. Patrick*, 2015-0643.

## II. FEDERAL HABEAS CORPUS PETITION

On March 17, 2015, Petitioner pro se executed his § 2254 federal habeas corpus petition and presents the following grounds for relief:

> **Ground One:**
>
>  Trial Court Erred by not complying with R.C.'s 2929.11 & 2929.12.
>
>  Supporting Facts: Appellant argues that the record lacks sufficient data to justify the sentence and does not "consider" the essential factors enumerated with in2929.11 & 2929.12.
>
> **Ground Two:**
>
>  Trial Court failed to properly imposed Post-Release Control pursuant to R.C. 2967.28.
>
>  Supporting Facts: Appellant was not properly informed of Post-Release Control under Ohio Revised Code 2967.28.

**Ground Three**:

Appellant's 4th Amendment and Due Process Rights were violated in a warrantless arrest.

Supporting Facts:

Appellant was arrested without a warrant when no exigent circumstances existed to justify such an arrest. Furthermore, police did not follow required procedures after this arrest pursuant to Criminal Rule 4(E)(2) and or a (Gerstien [sic] Hearing).

**Ground Four**:

Fourth Amendment & Due Process Rights were violated in a warrantless entry & search.

Supporting Facts:

Police entry into residence was illegal because no "exigent" circumstances existed [n]or did "Hot Pursuit."

**Ground Five**:

Trial Court erred in not advising Appellant of his right to appeal pursuant to Ohio Criminal Rule 32(B).

**Ground Six:**

Appellant's Due Process Rights were violated pursuant to Criminal Rule 11(C)(A)(B) &(C).

ECF Dkt. #1. On May 20, 2015, Respondent filed a motion to dismiss Petitioner's § 2254 federal habeas corpus petition as time-barred. ECF Dkt. #6. On August 31, 2015, Petitioner filed a response in opposition to Respondent's motion to dismiss and in that response, he attached four additional grounds that he had raised in his "Motion to Vacate Void Judgment & Conviction Due to Lack of Personam and Subject Matter Jurisdiction" in the trial court. ECF Dkt. #9 at 52. Those four additional grounds include:

Ground One:

The Trial Court erred by denying Petitioner's Petition to vacate void judgment and dismiss conviction due to the lack of Personam and Subject-Matter Jurisdiction without facts or conclusions of law and without the Plaintiff establishing the Court's Jurisdiction of Subject-Matter.

-7-

> Ground Two:
>
> Trial Court erred in denying evidentiary hearing on the matter of the state being in "want of jurisdiction."
>
> Ground Three:
>
> Trial Court erred when it denied judgment on the pleadings.
>
> Ground Four:
>
> Trial Court erred in denying "motion to assign special prosecutor."

*Id*. at 52-70. He requested that the Court stay ruling on the other grounds for relief in order to allow Respondent to address the supplemental grounds for relief that he asserted in his response. *Id.* at 1.

On September 11, 2015, Respondent filed an opposition brief to Petitioner's motion to stay and within that brief included a motion to strike Petitioner's supplemental grounds for relief. ECF Dkt. #10. On September 30, 2015, Petitioner filed a reply brief addressing the motion to stay and his supplemental grounds for relief. ECF Dkt. #11. He also filed a motion for leave to amend and supplement his § 2254 federal habeas corpus petition. ECF Dkt. #12.

### III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition is time-barred and should be dismissed. In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

-8-

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. §2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3)

diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook*, 295 F.3d at 521. Whether equitable tolling is appropriate is a case-by-case analysis. *Id*. "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396, 401-02, 404 (6th Cir. 2004). The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

### IV. PETITIONER'S MOTION FOR STAY AND RESPONDENT'S MOTION TO STRIKE SUPPLEMENTAL GROUNDS (ECF DKT. #s 9,10)

Coupled with his response to Respondent's motion to dismiss, Petitioner requested that the Court stay a determination of the instant petition so that he could add four additional grounds for relief and Respondent could address these supplemental grounds for relief. ECF Dkt. #9 at 1, 52-70. Those grounds for relief are identified above in the procedural history section of this Report and Recommendation and Petitioner first presented them in his response to Respondent's motion to dismiss. On September 11, 2015, Respondent filed a brief in opposition to Petitioner's motion to stay and coupled that brief with a motion to strike the supplemental grounds that Petitioner presented in his response. ECF Dkt. #10.

The undersigned DENIES Petitioner's motion for a stay (ECF Dkt. #9) and GRANTS Respondent's motion to strike Petitioner's attempt to add four additional grounds for relief in his response to Respondent's motion to dismiss (ECF Dkt. #10). Petitioner cannot use a response to a motion to dismiss as a vehicle to add to or supplement his federal habeas corpus petition.

### V. PETITIONER'S MOTION FOR LEAVE TO AMEND/SUPPLEMENT (ECF Dkt. #12)

On September 30, 2015, Petitioner filed a motion for leave to amend and supplement his federal habeas corpus petition with the four additional grounds that the undersigned identified above in the procedural history section of this Report and Recommendation. ECF Dkt. #12 at 1-27. Each of these additional grounds for relief "are based on the Trial Court's lack of subject-matter Jurisdiction." *Id*. at 9. Petitioner maintains that the trial court violated numerous state criminal rules

and the Ohio Constitution in denying his challenges to the trial court's jurisdiction. *Id.* at 12. Petitioner contends that a criminal complaint was filed against him on March 3, 2011 which alleged that he would commit criminal acts in the future, on March 31, 2011 and the complaint failed to identify the location of the crimes or the victims, and lacked documentation establishing that he was the perpetrator of the alleged crimes. *Id*. at 16.

Pursuant to 28 U.S.C. § 2242, a petitioner may amend his federal habeas petition according to the requirements set forth in Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, a court should consider whether the amendment would be futile, that is, if the amendment could withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745 (6th Cir.1992); *Martin v. Associated Truck Lines, Inc*., 801 F.2d 246, 248 (6th Cir.1986).

In this case, Petitioner's four additional grounds for relief concern what he alleges were invalid charging documents, as he asserts that the criminal complaint and indictment lodged against him were invalid as the complaint alleged future crimes of Petitioner that would occur on March 31, 2011 when the complaint was lodged on March 1, 2011. ECF Dkt. #12 at 16. He also contends that the complaint contained no identification of the location of the crimes, the victims or him as the perpetrator. *Id*. Petitioner reasons that this renders his indictment and every subsequent legal proceeding relating to the complaint or indictment invalid because the original charging document was invalid. *Id*.

The undersigned first notes that Petitioner did not present a challenge to the jurisdiction of the trial court or to the criminal complaint or indictment in his first two filings in the trial court. Rather, he waited until June 19, 2014, some three years after his conviction and sentence, when he filed a motion to vacate his conviction and sentence. ECF Dkt. #6-1 at 230. He did not present such challenges in his first filing on August 17, 2012 when he moved to correct his sentence. *Id.* at 26. Nor did he present such challenges in his second filing, his November 30, 2012 motion to withdraw his guilty plea. *Id*. at 76.

Moreover, when he did raise the issue in his motion to vacate, the trial court denied the motion and the Ohio appellate court sua sponte dismissed Petitioner's appeal because he failed to

-11-

file the record as required by Rules 3 and 10 of the Ohio Rules of Appellate Practice regarding transmission of the record and the Ohio appellate court's ability to dismiss an appeal for failure to follow the appellate rules. ECF Dkt. #6-1 at 315. This presents an issue of procedural default under *Maupin* as Petitioner failed to follow Rule 10 of the Ohio Rules of Appellate Practice, the Ohio appellate court imposed the rule, and "[f]ailure to comply with written procedural rules detailing the timing and filing of appellate documents has been adjudged a bar to federal habeas review when the rules of appellate procedure breached are well established and regularly followed, i.e., adequate and independent State procedural rules." *Marshall v. Brunsman*, No. 1:09CV259, 2011 WL 219925, at *3 (N.D. Ohio Jan 21, 2011), unpublished, adopting Report and Recommendation, No. 1:09CV259, 2010 WL 5627660, at *8 (N.D.Ohio Dec. 3, 2010) (recommending procedural default where Ohio appellate court sua sponte dismissed federal habeas corpus petitioner's appeal because he failed to properly file the record), citing *Nethers v. Sheldon*, No. 2:09CV324, 2010 WL 4513816 (S.D.Ohio Oct.28, 2010), unpublished; *Shroyer v. Moore*, No. C–1–05–797, 2007 WL 2492312 (S.D.Ohio Aug.29, 2007), unpublished ("In so ruling, the court clearly and expressly relied on both an independent and adequate State ground stemming from petitioner's noncompliance with the court's well-established and regularly-followed written procedural rules governing the timing and filing of the requisite appeal documents."). Thus, absent cause and prejudice to excuse this procedural default, the undersigned recommends that the Court bar consideration of Petitioner's additional grounds for relief as procedurally defaulted. In his motion to reinstate his appeal, Petitioner asserted that he properly filed his request for transmission of the record. ECF Dkt. #6-1 at 317. However, the Ohio appellate court denied his motion to reinstate the appeal pursuant to Rule 26(A) of the Ohio Rules of Appellate Procedure as Petitioner had filed his motion beyond the ten-day filing requirement. *Id.* at 317, 326. The Ohio Supreme Court thereafter summarily denied Petitioner's motion for delayed appeal. ECF Dkt. #9-20 at 1. Accordingly, because Petitioner failed to follow the Ohio court rules and presented no sufficient cause to excuse his procedural defaults, the undersigned recommends that the Court DENY Petitioner's motion to amend/supplement his federal habeas corpus petition to add the four additional grounds for relief as they are procedurally defaulted.

Further, "[i]t is well-settled that there is not a federal constitutional right to an indictment in state criminal proceedings." *Lowery v. Ohio*, No. 1:14CV2523, 2015 WL 1885456, at *8 (N.D. Ohio Apr. 24, 2015), citing *Hurtado v. California*, 110 U.S. 516, 537–38 (1884); *see Branzburg v. Hayes*,

408 U.S. 665, 688 n. 25, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); *Koontz v. Glossa*, 731 F.2d 365,369 (6th Cir.1984) ("The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states .... It is also well settled in this Circuit that the Constitution does not require any particular state indictment rule."); *Watson v. Jago*, 558 F.2d 330, 337 (6th Cir.1977); *Fears v. Miller*, No. I:09cv698, 2009 WL 6315341, at *9 (N.D.Ohio Dec.1, 2009) (Report & Recommendation), adopted, 2010 WL 1258096 (N.D.Ohio Mar.30, 2010); *Harsh v. Warden, Chillicothe Corr. Inst.*, No. 1:08cv433, 2009 WL 3378246, at *1, *20 (S.D.Ohio Oct.15, 2009) (Beckwith, J.; Black, M.J.). "Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir.2002). "A state court indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir.1986). "Whether an indictment, information, or complaint is sufficient to confer jurisdiction on a trial court is likewise an issue of state law which is not cognizable on habeas review." *Lockridge v. Curtin*, No. 09-10145, 2014 WL 4536926, at *7-8 (E.D. Mich. Sept. 11, 2014), citing *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir.1994) and *Rose v. Johnson*, 141 F.Supp.2d 661, 694 (S.D.Tex.2001). Challenges to a state court charging document are cognizable on federal habeas review only where the amendment deprives a petitioner of his due process right to fair notice of the charges against him. *See Boothe v. Wyrick*, 452 F.Supp. 1304, 1310 (W.D.Mo.1978).

Moreover, "[g]enerally, a voluntary and unconditional guilty plea bars any subsequent nonjurisdictional attack on the conviction." *United States v. Corp.,* 668 F.3d 379, 384 (6th Cir.2012) (internal quotation marks and citations omitted). "This is because a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Thus, after entering an unconditional guilty plea, a defendant may challenge only the court's jurisdiction and the voluntary and intelligent character of the plea itself. *United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir.2012).

Here, Petitioner does challenge the voluntary, knowing and intelligent nature of his plea, but the transcript of the plea hearing belies his challenges as it shows that he was directly addressed by the trial court, informed of the rights that he was waiving upon entering guilty pleas, entered guilty pleas to the amended charges, and he even waived defects in the indictment during the plea proceedings. ECF Dkt. #6-1 at 142-159. Moreover, the jurisdictional challenges that Petitioner raises concerning the date and lack of details in the criminal complaint are not the type of jurisdictional defects acknowledged and allowed in the Supreme Court's decisions of *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), and *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), to invalidate guilty pleas as those cases concerned the inability to waive a double jeopardy challenge by a guilty plea when the charge on the face of the indictment is one that the government could not constitutionally prosecute under the Double Jeopardy Clause. Here, the record fails to establish that the government lacked the constitutional authority to prosecute Petitioner.

For these reasons, the undersigned DENIES Petitioner's motion for leave to amend and supplement his federal habeas corpus petition because Petitioner's additional grounds for relief could not withstand a motion to dismiss for failure to state a cognizable claim for relief under Rule 12(b)(6). ECF Dkt. #12.

## VI.    ANALYSIS AS TO INSTANT FEDERAL HABEAS CORPUS PETITION

For the following reasons, the undersigned also recommends that the Court GRANT Respondent's motion to dismiss Petitioner's instant federal habeas corpus petition as untimely. ECF Dkt. #6.

### A.    AEDPA STATUTE OF LIMITATIONS

The trial court issued its conviction and sentencing entry on June 3, 2011. ECF Dkt. #6-1 at 24-25. Petitioner had thirty days, or until July 3, 2011, in which to file an appeal of the trial court's judgment. Ohio R. App. P. 4(A). Absent tolling, Petitioner had one-year from that date, or until July 4, 2012, in which to file his § 2254 federal habeas corpus petition.

Petitioner never sought direct review of his conviction and sentence. In fact, he made no filings during this one-year period. His next filing was not until August 17, 2012 when he filed a motion to correct his sentence in the trial court. ECF Dkt. #6-1 at 26. This was after the AEDPA statute of limitations already expired. Since the limitations period had already expired, none of

-14-

Petitioner's collateral petitions tolled the statute of limitations." *Vroman,* 346 F.3d at 602. For these reasons, the undersigned recommends that the Court find that Petitioner has untimely filed his federal habeas corpus petition.

### B.  EQUITABLE TOLLING

Petitioner requests that the Court apply equitable tolling of the AEDPA statute of limitations because neither the trial court nor his trial counsel informed him of his right to appeal his state conviction and sentence. ECF Dkt. #9.

The United States Supreme Court has held that the AEDPA statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling allows a federal habeas court to review a time-barred habeas petition "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' " *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir.), *cert. denied,* ––– U.S. ––––, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir.2010)). In order to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland*, 130 S.Ct. at 2562, quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). A petitioner must show that he exercised reasonable diligence in pursuing his rights, not maximum diligence. *Holland*, 130 S.Ct. at 2565.

The undersigned recommends that the Court find that Petitioner failed to establish that he is entitled to equitable tolling in this case. The Sixth Circuit has held that a state court's failure to inform a petitioner of his appellate rights does not in and of itself justify equitable tolling of the AEDPA statute of limitations. *Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir.2002). The Sixth Circuit in *Miller* noted that the state court's failure to notify the petitioner of his appellate rights "may have interfered with [the petitioner's] direct appeal in state court ... but [he] has failed to explain how the actions prevented him from filing his federal habeas petition." *Id*. In addition, any alleged error by Petitioner's attorney in failing to notify him of his appellate rights does not justify equitable tolling. *See Jurado v. Burt*, 337 F.3d 638, 644–45 (6th Cir.2003); *see also Miller v. Jeffreys*, 3:05CV1989, 2006 WL 3469638, at *6–7 (N.D. Ohio Nov. 30 2006) (summarizing cases denying equitable tolling despite attorney errors). Thus, even assuming that Petitioner's trial counsel and the

trial court failed to inform Petitioner of his right to appeal and this impeded his ability to file a timely appeal in the state court, it does not explain why he failed to file the instant federal habeas corpus petition until nearly three years after his conviction became final. Further, as pointed out by Respondent, Petitioner had prior state cases and in at least one, filed a direct appeal of his conviction. ECF Dkt. #10 at 2-3, citing Case Numbers CR-82-173237-A, CR-95-323522-ZA, CR-95-325461-B, CR-03-447517-ZA, and CR-10-540644-A, attached as Exhibit 1. Moreover, neither a petitioner's ignorance of the procedural requirements for filing a federal habeas corpus petition nor his pro se status do not justify the application of equitable tolling for filing a federal habeas petition. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6thCir.2005) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991); *see also Johnson v. United States*, 544 U.S. 295, 311, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005) ("[w]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness[.]"). Accordingly, the undersigned recommends that the Court find that Petitioner has not shown that he was prevented from timely filing his federal habeas corpus petition or that some extraordinary circumstance stood in his way of doing so.

### C.  **ACTUAL INNOCENCE**

The Sixth Circuit Court of Appeals has also held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). But "actual innocence means factual innocence, not mere legal insufficiency." *Id.* at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Normally, in order to obtain collateral review of a defaulted claim upon a showing of actual innocence, a petitioner must establish that he is not only actually innocent of the charge which he seeks to attack, he must also demonstrate that he is actually innocent of all other more serious charges which the government had foregone during the plea bargaining process. *See Bousley*, 118 S.Ct. at 1611-12; *Luster v. United States*, 168 F.3d 913, 915 (6th Cir.1999).

To succeed on this theory, Petitioner must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.* at

324. The United States Supreme Court has cautioned that the actual innocence exception should "remain rare" and should "only be applied in the "extraordinary case." *Id.* at 321.

In the instant case, Petitioner has entered a guilty plea to the charge for which he asserts his actual innocence. "Though the result often seems counterintuitive, a defendant that pled guilty still may assert a *Schlup* claim." *See Eads v. Bottom*, No. 6:13–CV–29–JMH–REW, 2014 WL 2742581, at *5 (E.D. Ky. June 12, 2014)(citations omitted). In such a case, "[t]he application of *Schlup* ... creates a host of analytical difficulties, given that there is no jury (or factfinder) finding, the record is normally abbreviated, the state did not 'present' evidence in a fashion designed to establish guilt beyond a reasonable doubt, and the petitioner typically has confirmed his guilt through the solemnity of a plea colloquy." *Id.,* citing cases.

His plea, coupled with the fact that Petitioner presents no new exculpatory evidence, scientific evidence, trustworthy eyewitness accounts or critical physical evidence establishing that he is actually innocent of the crimes charged, leads the undersigned to recommend that the Court find that Petitioner presents no credible actual innocence argument. Finally, ineffective representation of counsel or Petitioner's ignorance of the law are insufficient to support a claim of actual innocence. *See Martin v. Mackie*, No. 1:15-CV-594, 2015 WL 4507812, at *1 (W.D. Mich. July 24, 2015)(failure to provide effective assistance of counsel is not enough to excuse statute of limitations bar); *May v. LaRose*, No. 2015 WL 3454744, at *5 (N.D. Ohio, May 29, 2015)("[l]ack of actual notice or 'ignorance of the law, even for an incarcerated pro se petitioner generally does not excuse [late] filing.'" (citations omitted)).

-17-

## VII.   CONCLUSION AND RECOMMENDATION

As explained above, the undersigned DENIES Petitioner's request for a stay (ECF Dkt. #9), GRANTS Respondent's motion to strike Petitioner's supplemental grounds for relief presented in his response to Respondent's motion to dismiss (ECF Dkt. #10), and DENIES Petitioner's motion for leave to amend and supplement his instant federal habeas corpus petition with four additional grounds for relief (ECF Dkt. #12).

Further, for the foregoing reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss Petitioner's instant federal habeas corpus petition and find that Petitioner's instant federal habeas corpus petition is untimely filed, not entitled to equitable tolling, and is not otherwise entitled to consideration under the actual innocence exception.  ECF Dkt. #6. Accordingly, the undersigned recommends that the Court DISMISS the petition, in its entirety, with prejudice.


Date: December 29, 2015               */s/George J. Limbert*
                                      GEORGE J. LIMBERT
                                      UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).